**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Terence Antonio Jackson and Kenya Donic Danley Jackson,<br><br>Debtor(s). | C/A No. 18-03159-HB<br><br>Chapter 13<br><br>**ORDER EXTENDING TIME TO FILE CLAIM PURSUANT TO FED. R. BANKR. P. 3002(c)(6)** |

**THIS MATTER** is before the Court for consideration of the proof of claim filed by creditor American Express Travel Related Services Company, Inc. ("AmEx").[1]

The facts are not disputed. Debtors filed a petition for Chapter 13 relief with schedules, statements and a list of creditors, all of which omitted AmEx. As a result, AmEx did not receive sufficient notice of this case to timely file a claim. Through its own efforts, AmEx later learned of the bankruptcy and filed a claim.

The Chapter 13 Trustee objected to the untimely claim and AmEx filed a response prompting a hearing.[2] At the hearing, AmEx requested an extension of the claim deadline pursuant to Fed. R. Bankr. P. 3002(c)(6). Despite his objection to the claim, the Trustee supported AmEx's request for an extension. Debtors' counsel appeared at the hearing and requested the claim be disallowed. However, Debtors did not file a response to the pleadings and were not present at the hearing to contest the merits of AmEx's claim or explain their failure to list the creditor.

Creditors should initiate a request under Rule 3002(c)(6)(A) by a formal motion. However, the facts here are not disputed, the claim is filed, a hearing has been held, and

---

[1] *See* POC No. 24, filed Apr. 16, 2019; *amended* Apr. 18, 2019. AmEx's claim is for unsecured credit card debt in the amount of $4,406.56, with Kenya Donic Danley Jackson listed as the responsible party.
[2] ECF Nos. 25 & 27.

the party that objected to the claim (the Trustee) supports relief under this Rule. Therefore, nothing would be gained by requiring AmEx to file a motion.

> Rule 3002(c)(6) provides, in relevant part:
>
> On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:
>
>> (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a) . . .

Fed. R. Bankr. P. 3002(c)(6)(A). This provision was added in 2017 to "expand the exception to the bar date for cases in which a creditor received insufficient notice of the time to file a proof of claim." Fed. R. Bankr. P. 3002, 2017 Committee Note.

By omitting AmEx, Debtors failed in their duties under § 521 and Rule 1007(a). 11 U.S.C. § 521(a)(1)(A) ("The debtor shall – (1) file – (A) a list of creditors . . ."); Fed. R. Bankr. P. 1007(a)(1) ("In a voluntary case, the debtor shall file with the petition a list containing the name and address of *each* entity included or *to be included* on Schedules D, E/F, G, and H as prescribed by the Official Forms." (emphasis added)). If the initial list of creditors omits a party or gives inaccurate information, amendments and corrections should be made to comply with these authorities. If that action is not taken or is untimely and, as a result, the creditor has insufficient notice under the circumstances to provide a reasonable time to file a claim, then an extension under Rule 3002(c)(6) may be appropriate. *See In re Mazik*, 592 B.R. 812, 818 (Bankr. E.D. Penn. 2018).

Under these circumstances, AmEx had insufficient notice to give it a reasonable time to file a claim and the lack of notice resulted from the Debtors' failure to timely

2

comply with Rule 1007(a). AmEx is, therefore, entitled to an extension of the claim deadline under Rule 3002(c)(6)(A).

**IT IS, THEREFORE, ORDERED** that pursuant to Fed. R. Bankr. P. 3002(c)(6)(A), the deadline for AmEx to file a proof of claim is hereby extended *nunc pro tunc* to April 18, 2019. Any further requested relief is denied.

**FILED BY THE COURT**
**07/24/2019**



US Bankruptcy Judge
District of South Carolina

Entered: 07/24/2019